Christine SISLEY, individually and on behalf of all others similarly situated and the general public, Plaintiff—Appellant,

v.

SPRINT COMMUNICATIONS COMPANY, L.P., a Delaware limited partnership, Defendant—Appellee.

Christine Sisley, individually and on behalf of all others similarly situated and the general public, Plaintiff—Appellant,

v.

Sprint Communications Company, L.P., a Delaware limited partnership, Defendant—Appellee.

Nos. 06–56143, 06–56290.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed July 2, 2008.

---

Thomas A. Segal, G. James Strenio, The Kick Law Firm, APC, Los Angeles, CA, for Plaintiff–Appellant

* This disposition is not appropriate for publication and is not precedent except as provided

Valerie E. Alter, Kelly Lois Pope, Fred R. Puglisi, Sheppard Mullin Richter & Hampton, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: WALLACE, GOULD, and IKUTA, Circuit Judges.

### MEMORANDUM *

Christine Sisley appeals the district court's dismissal of her four claims: (1) breach of contract; (2) violation of California's Consumer Legal Remedies Act, as well as the consumer protection statutes of other states (CLRA); (3) unjust enrichment; and (4) violation of California's Unfair Competition Law (UCL). The district court dismissed all four claims for lack of subject matter jurisdiction and for failure to state a claim. *See* FED.R.CIV.P. 12(b)(1), (b)(6). Sisley also appeals the district court's denial of her request for certification of a class on the ground that the class would be unmanageable. *See* FED.R.CIV.P. 23. Finally, Sisley appeals the district court's imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

*Breach of Contract*

■ The district court dismissed Sisley's breach of contract claim under Rule 12(b)(1) without an explanation. We assume that the district court dismissed this claim on the ground that Sisley lacked standing because she failed to allege an injury in fact (the ground relied on by

by 9th Cir. R. 36–3.

Sprint in its motion to dismiss) and hold that a dismissal on this ground was error. A federal plaintiff must allege an injury in fact that is fairly traceable to the challenged action and which is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Sisley alleges that her fiancé was forced to make multiple telephone calls to Sprint, and that as a result she lost approximately four to six hours which she would have otherwise spent working as a consultant.

Sisley's alleged injury strikes us as dubious. First, the time she lost as a result of the telephone calls with Sprint seems more like a routine annoyance to be endured in our modern world—not a cognizable injury giving rise to Article III standing. Second, Sisley does not explain how the improper billing resulted in a loss of her time, given that her fiancé made the telephone calls. Nevertheless, in reviewing a motion to dismiss for want of standing, we must "construe the complaint in favor of the complaining party." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir.2002) (internal quotation marks omitted). We have recognized, at least in certain circumstances, that lost time and income spent dealing with wrongful conduct can constitute a cognizable injury in fact. *See Walker v. City of Lakewood*, 272 F.3d 1114, 1124 n. 3 (9th Cir.2001). In addition, at the pleading stage, "we presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130 (internal quotation marks omitted); *see also Bernhardt*, 279 F.3d at 869. Therefore, based on the stage of the pleadings and our precedent, we cannot say that Sisley lacks a cognizable injury in fact. Because such an injury is redressable by money damages, Sisley has sufficiently alleged the elements of standing. *See Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1172 (9th Cir.2002).

■ The district court also erred in dismissing Sisley's breach of contract claim under Rule 12(b)(6) "on the grounds that Sisley has failed to sufficiently allege that Sprint Communications breached the contract by charging the complained of fee." Construing the facts in the light most favorable to the nonmoving party as we must on a Rule 12(b)(6) motion to dismiss, *see Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir.2008), Sisley based her allegation that Sprint breached the contract on a reasonable interpretation of the contract. Therefore, we reverse the Rule 12(b)(6) dismissal.

*CLRA Claim*

■ The district court erred in dismissing Sisley's CLRA claim under Rule 12(b)(1). Again, although the district court did not explain its reasoning for this dismissal, defendant's motion requested dismissal for lack of a cognizable injury sufficient to establish standing. This ground is erroneous. Sisley alleged a violation of her state statutory rights which can constitute a cognizable injury sufficient to withstand a Rule 12(b)(1) motion. *See Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ("The actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing ....") (internal quotation marks omitted); *see also Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir.2001) (recognizing that "state law can create interests that support standing in federal courts"). We therefore reverse the Rule 12(b)(1) dismissal on this count.

■ The district court also erred in dismissing this claim under Rule 12(b)(6) on the ground that Sisley "failed to sufficient-

ly allege that Sprint Communications' alleged charges were wrongful." Sisley's allegations in her complaint that the charges were wrongful is sufficient to withstand a Rule 12(b)(6) motion and Sisley's interpretation of the contract is plausible. *See Silvas,* 514 F.3d at 1003. We remand this issue so that the district court may determine in the first instance whether Sisley has otherwise sufficiently stated a claim for her state-law based consumer protection actions.

*Unjust Enrichment*

■ This court may "affirm the district court's dismissal on any ground supported by the record." *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir.2004). Because Sprint launched a factual attack on subject matter jurisdiction, we review the district court's Rule 12(b)(1) dismissal of Sisley's unjust enrichment claim as a grant of summary judgment. *See Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1040 (9th Cir.2004). Based on the evidence of the payment history, Sisley is not entitled to restitution of wrongful profits obtained at her expense. *See Shersher v. Super. Ct.,* 154 Cal.App.4th 1491, 1500, 65 Cal.Rptr.3d 634 (Ct.App.2007). We affirm the district court's dismissal of the unjust enrichment claim.

*UCL Claim*

■ We also affirm the district court's dismissal of the UCL claim because Sprint was entitled to summary judgment on this claim. *See Safe Air,* 373 F.3d at 1040. The UCL "is a broad remedial statute" but it affords only two types of relief: "injunctive and restorative." *Lozano v. AT & T Wireless Servs., Inc.,* 504 F.3d 718, 731–33 (9th Cir.2007); *see also Dean Witter Reynolds, Inc. v. Super. Ct.,* 211 Cal.App.3d 758, 774, 259 Cal.Rptr. 789 (Ct.App.1989) (explaining why compensatory claims are ex-

cluded under the UCL). Sprint submitted Sisley's payment history, which indicates that Sisley received offsetting credits for the debits she contests. In light of this documentary evidence, Sisley is not entitled to restorative relief. We reject Sisley's argument that the credits did not offset the debits because they were mere gestures of good will. Sisley does not alternatively argue that she faces a realistic threat of future injury. *See Lozano,* 504 F.3d at 732–33. Therefore, Sisley has not established standing to bring the UCL claim for either restorative or injunctive relief.

*Denial of Class Certification*

■ The district court denied Sisley's request to certify a class, stating that the class action "would be unmanageable because it would be unconstitutional to apply California law to class members in other states." The district court did not explain, nor is it clear from the record, how the district court determined that California law would apply to all the claims and why this would violate due process. When it is not clear how the district court reached its decision, "[m]eaningful appellate review for abuse of discretion is foreclosed," and this court "must remand to that court to reconsider its decision and to set forth its reasons for whatever decision it reaches, so that we can properly exercise our powers of review." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.,* 490 F.3d 718, 724, 725 (9th Cir.2007) (internal quotation marks omitted).

■ The dissent disagrees with this conclusion, and would affirm the district court on the ground that Sisley's claims are not typical of the claims in the class because Sisley received reimbursement for the allegedly wrongful charges. The issue of typicality was not ruled on by the district court, and was neither briefed nor

argued by the parties. We normally do not consider such issues sua sponte, and decline to do so here. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule ... that a federal appellate court does not consider an issue not passed upon below."). Moreover, even were we to consider this issue, we do not agree that the record compels the conclusion that Sisley's claims are not typical. Rule 23(a)(3) of the Federal Rules of Civil Procedure does not require the class representative to "suffer the same injury" as other class members. *Lozano,* 504 F.3d at 734. Instead, Rule 23(a)(3) focuses on "the defendants' conduct and plaintiff's legal theory." *Id.* at 734 (quoting *Simpson v. Fireman's Fund Ins. Co.,* 231 F.R.D. 391, 396 (N.D.Cal. 2005)) (internal quotations omitted). A plaintiff's claims for wrongful phone charges may be typical of the class even if the named plaintiff has been reimbursed for the wrongful charges. *Id.* Moreover, given the current state of the proceedings, we have no basis for concluding that Sisley's claims are atypical. We therefore remand the class certification issue to the district court.

*Sanctions and Motions*

We vacate and remand the district court's grant of Rule 11 sanctions so that the district court can reevaluate the motion for sanctions in light of this disposition.

We deny Sprint's motion for appellate sanctions because Sisley's appeal was not frivolous. *See* FED. R.APP. P. 38.

■ Finally, Sisley waived her request for reassignment to a different judge because it was not included in her opening brief. *See United States v. King,* 257 F.3d 1013, 1029 n. 5 (9th Cir.2001) (holding that a request for reassignment that is not raised in the party's opening brief is there-by waived). We therefore deny Sisley's motion for reassignment.

Each party shall bear its own costs on appeal. *See* FED. R.APP. P. 39(a)(4).

**Affirmed in part; Reversed in part; Denied in part; Vacated in part and Remanded.**

GOULD, Circuit Judge, partially concurring and partially dissenting:

I concur in the memorandum disposition in substantial part, joining all of the analysis of the court with the exception of its remand on the class action certification issue. In my view, we may and should at this stage affirm the denial of certification.

I do not disagree with the majority analysis that the district court's concerns that a class action would be unmanageable because of California law applying was not adequately explained, and if this were all that the record presented I would agree with the court's remand of the class certification issue. The district court granted Sprint's motion to dismiss Sisley's class action allegation with very little explanation and did not address either why California law would apply to all claims or the possibility of a viable subclass of persons solely within California, which would have eliminated the concern voiced by the district court. Again, if this were all that was presented, I would join in the remand decision.

However, our law is clear that we may affirm on any ground that is supported by the record. *Valdez v. Rosenbaum,* 302 F.3d 1039, 1043 (9th Cir.2002) (citing *Venetian Casino Resort, L.L.C. v. Local Joint Executive Bd. of Las Vegas,* 257 F.3d 937, 941 (9th Cir.2001)). And here, I have concluded that the record conclusively shows that a class should not be certified. To certify a class under Rule 23 of the Federal Rules of Civil Procedure, all of the

requirements of Rule 23(a) must be met. *See Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir.2001). Rule 23(a)(3), for example, would require that Sisley's claims "are typical of the claims ... of the class." Here, however, while Sisley wants to assert class action claims for long distance charges wrongfully made, the record shows without dispute that upon calling Sprint to challenge the charges, she received credits and that she has never paid anything for the long distance services that she contests. Her theory of damage is that she used up several hours of her valuable time making calls to get credits, and that she wants to be reimbursed for the value of her lost time. Accordingly, whatever else might be said about Sisley's damage theory, it is clear that her claims are not at all typical of claims of purported class members who were charged and paid alleged overcharges. In that context, even if the amounts paid were individually small, the class action device, if all requirements were met, would permit aggregation of claims. However, Sisley, not having been charged for the service in light of the refunds, cannot make a typical claim for repayment of overcharges. Stated another way, the claims she presents are not typical of those within the purported class, and her position is markedly different from that of persons who paid the challenged charges, making her claims atypical of those within the class for which she seeks restitution of charges and disgorgement of revenues of Sprint. *See generally* 7A Wright, Miller, and Kane, Federal Practice and Procedure, § 1764.

Accordingly, I respectfully see no need for a remand on class certification, which appears to be futile in light of the nature of the claims asserted.