[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14154
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-60024-CV-PAS

CHERYL WELLS,
JOHN SIM,

Plaintiffs-Appellants,

versus

WILLOW LAKE ESTATES, INC.,
CARL PEARSE,
JEFF WINEGARDNER,
WEBBER, HINDEN, MCCLEAN & ARBEITER,
SHAWN ARBEITER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 5, 2010)

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Cheryl Wells and John Sim, proceeding pro se, filed a civil rights complaint against Willow Lake Estates, the mobile home community where they lived, as well as two of Willow Lake's employees and its counsel, for violating the Fair Housing Act ("FHA"). The amended complaint alleges that Willow Lake selectively enforced its regulations regarding home and lawn appearance, terminated Wells and Sims' lease, and initiated eviction proceedings because both of them are disabled (Count 1) and because Sim is Indonesian (Count 2). The amended complaint also alleges that the same discriminatory behavior violated Florida Statute § 723.061 (Count 3) and supported a common law duress claim (Count 4). The district court dismissed the amended complaint for failing to state a claim, and this appeal followed.[1]

We review de novo a district court's decision to dismiss a complaint for failure to state a claim. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). In doing so, we view the complaint in the light most favorable to the plaintiffs, and accept all of its well-pleaded facts as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007). "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." GJR

_____

[1] The defendants contend, in passing, that we lack subject matter jurisdiction because Wells and Sim admit in their brief that the value of their property is less than $25,000. That argument is frivolous. There is no amount-in-controversy requirement in this federal question jurisdiction case.

2

Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). However, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Id.

The FHA provides that it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities" based on that person's national origin or handicap. 42 U.S.C. § 3604(b), (f)(2). Discrimination on the basis of a handicap includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

The district court dismissed Sim's FHA claim of disability discrimination because he has not adequately pleaded that he is a "handicapped" individual. The FHA defines "handicap" as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h). Because Sim merely contends that he "cannot bend or move easily," the district court concluded that he has not alleged a "substantial limitation" to a major life activity. The district court cited case law

3

that "someone who walks, sits, stands or sleeps 'moderately below average' is not disabled under the Act," Rossbach v. City of Miami, 371 F.3d 1354, 1358 (11th Cir. 2004). Instead of challenging that reasoning, however, Sim merely asserts in passing that he has already addressed all three required elements to show disability. We agree with the district court that Sim has not adequately pleaded that he is a handicapped individual.

The district court concluded that Wells, unlike Sim, has adequately alleged that she is handicapped.[2] The court, however, dismissed Wells' claim of disability discrimination because it concluded that she has no standing to sue under the FHA. Because the district court also relied on that rationale in dismissing Sim's FHA claim of national origin discrimination, we will discuss the standing issues for each plaintiff in the same place.

The Supreme Court has held that "Congress intended standing under [the FHA] to extend to the full limits of Article III" of the United States Constitution. Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 103 n.9, 99 S.Ct. 1601, 1609 n.9 (1979); see also Havens Realty Corp. v. Coleman, 455 U.S. 363, 372, 102 S.Ct. 1114, 1121 (1982). "Standing under Article III has three elements: (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected

_____

[2] The defendants briefly contend that Wells has also failed to adequately plead that she is a handicapped individual. We reject that argument for the reasons stated by the district court.

4

interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Fla. Family Policy Council v. Freeman, 561 F.3d 1246, 1253 (11th Cir. 2009) (quotation marks omitted).

The district court found that neither Wells nor Sim had alleged an "actual or imminent" injury because they had not yet been evicted from the mobile home park, but were instead involved in a pending state eviction proceeding. We disagree. "[A]lthough a plaintiff must establish a realistic danger of sustaining a direct injury . . . , he does not have to await the consummation of threatened injury to obtain preventive relief." Fla. State Conference of NAACP v. Browning, 522 F.3d 1153, 1161 (11th Cir. 2008). Here, eviction is a "realistic danger" because Willow Lakes has notified Wells and Sim that it intends to terminate their tenancy. See Yesler Terrace Cmty. Council v. Cisneros, 37 F.3d 442, 446–47 (9th Cir. 1994) (holding that a threat of eviction is "concrete and personal" danger to interests of residents sufficient to comprise injury in fact); Richmond Tenants

5

Organization, Inc. v. Kemp, 956 F.2d 1300, 1305–06 (4th Cir. 1992) (holding that "actual threat" of eviction was enough to confer standing because "there was a realistic danger that the plaintiffs would suffer actual injury").

Moreover, the possibility of eviction is not the only injury from which Wells and Sim seek relief. They both allege that they have already been forced to spend time and money complying with regulations that Willow Lakes has selectively enforced against them. That is an injury in fact. In addition, Wells alleges that Willow Lakes denied her request for reasonable accommodation in complying with those regulations. That act of alleged discrimination is also an injury in fact. See Fulton v. Goord, 591 F.3d 37, 42 (2d Cir. 2009) ("[The plaintiff] asserts that she was discriminatorily denied a reasonable accommodation for her disability in violation of her rights under the [ADA and the Rehabilitation Acts]. This is plainly an injury in fact that is sufficient to form the basis for Article III standing.").

The district court also found that Wells and Sim had not alleged a causal link between their respective injuries and any unlawful conduct. The court pointed out that the two admitted that they had violated mandatory park regulations and had failed to cure some of those violations before Willow Lake delivered the termination letters. The court concluded that because "it appears that Defendants had a proper basis" for their actions, Wells and Sim could not establish a causal

link between their respective injuries and any <u>unlawful</u> conduct by the defendants.

The district court, however, apparently did not accept Wells' and Sim's well-pleaded allegations as true, which it was required to do at this stage of the proceedings. <u>See</u> <u>Am. United Life Ins. Co.</u>, 480 F.3d at 1057. The amended complaint may have appeared weak to the district court, but that is not a matter of Article III standing. The court also did not address the claim that the defendants had selectively enforced the regulations as a pretext for disability and national origin discrimination. Although Wells and Sim admit that their trailer had violated the regulations cited by Willow Lake, the amended complaint does allege: that Wells is the only disabled resident living in the mobile home community (besides Sim, whose disability discrimination claim we have rejected on other grounds); that Sim is the only Indonesian resident living in the mobile home community; that the regulations were being applied against them because of Wells' disability and Sim's national origin; that their mobile home park contains 389 lots but their lot is the only one that has been targeted by the defendants; and that photographic evidence proves that Willow Lake has not issued violations against similarly situated owners. Those allegations are specific, factual, and plausible enough to satisfy the pleading standard of Rule 8 of the Federal Rules of Civil Procedure. <u>See generally</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009); <u>Bell Atl. Corp. v.</u>

7

Twombly, 550 U.S. 544, 555 (2007).

If those allegations are true, the defendants have discriminated against Wells on the basis of disability and against Sim on the basis of national origin. See Schwarz v. City of Treasure Island, 544 F.3d 1201, 1216 (11th Cir. 2008) ("As its name suggests, a disparate treatment claim requires a plaintiff to show that he [or she] has actually been treated differently than similarly situated non-handicapped people."). And there would be a causal connection between the injuries and that illegal conduct. See Fla. Family Policy Council, 561 F.3d at 1253. Wells and Sim therefore each have standing; Wells has stated a valid claim for disability discrimination under the FHA, and Sim has stated a valid claim for national origin discrimination under the FHA.

The district court also dismissed with prejudice Wells and Sims' state law claims, concluding that Fla. Stat. § 723.061 does not give rise to an independent cause of action (Count 3), and that they had failed to allege the requisite elements of a cause of action for duress (Count 4). In their brief to this Court, Wells and Sim make no arguments concerning the district court's dismissal of their state law claims, which are therefore deemed abandoned. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (issues not briefed on appeal by a pro se litigant are deemed abandoned); Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002)

8

(same); <u>Rowe v. Schreiber</u>, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (an issue may be deemed abandoned where a party only mentions it in passing, without providing substantive argument in support).

We therefore REVERSE the district court's dismissal of Wells' claim under Count 1 of the amended complaint, as well as its dismissal of Count 2. We AFFIRM the district court's dismissal of Sim's claim under Count 1, as well as its dismissal of Count 3 and Count 4.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**