FILED
United States Court of Appeals
Tenth Circuit

August 6, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GARRY L. SOLOMON,

        Plaintiff-Appellant,

v.

HSBC MORTGAGE CORPORATION
(USA), d/b/a HSBC Bank USA,
as Trustee; BAER & TIMBERLAKE
P.C.; AMERICA'S SERVICING
COMPANY, a/k/a ASC Recovery
Systems,

        Defendants-Appellees.

No. 09-6293
(D.C. No. 5:09-CV-00200-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HOLLOWAY**, and **ANDERSON**, Circuit Judges.

---

Garry L. Solomon appeals the district court's dismissal of his complaint

as time-barred under the one-year statute of limitations applicable to the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

For the reasons that follow, we affirm the judgment of the district court in part and reverse in part.

I.

In his initial complaint, filed February 20, 2009, Mr. Solomon alleged that defendants HSBC Mortgage Corporation (HSBC), America's Servicing Company (ASC), and Baer & Timberlake, P.C., were liable to him for their attempts to collect a debt related to his home mortgage. According to the complaint, defendants provided him with conflicting information on the amount owed. And after he requested debt validation information as a step in bringing his account current, HSBC and ASC, represented by Baer & Timberlake, continued debt-collection activities by initiating a foreclosure action in state court. In foreclosure proceedings, defendants supplied him with discrepant reinstatement figures. Further, Mr. Solomon alleged, defendants delayed resolution of the matter in order to increase his interest charges and litigation costs.

Mr. Solomon's lawsuit asserted entitlement to damages under the FDCPA and state-law theories of negligence, infliction of emotional distress, unfair trade practices, fraud, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and breach of contract. The sole basis for federal jurisdiction was the FDCPA, which was enacted "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect

-2-

consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010) (citing 15 U.S.C. § 1692(e)). "The Act regulates interactions between consumer debtors and 'debt collector[s],' defined to include any person who 'regularly collects . . . debts owed or due or asserted to be owed or due another.'" *Id.* (alteration in original) (quoting §§ 1692a(5), (6)).

Defendants HSBC and ASC moved for dismissal of all claims. With regard to the FDCPA claim, they alleged that they are not debt collectors under § 1692a(6) and therefore not subject to the provisions of the Act. They characterized themselves as creditors or mortgage servicing companies. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). In addition, HSBC and ACS argued that Mr. Solomon's FDCPA claim was invalid because he had not sought verification of the debt within thirty days of the creditors' notice of arrearage, as required by 15 U.S.C. § 1692g(b).[1]

---

[1]     In pertinent part, § 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is
>
> (continued...)

Focusing on the FDCPA claim, the district court determined that the complaint failed to allege specific facts establishing HSBC and ACS as debt collectors with liability under the FDCPA. In addition, it found a lack of clarity in the allegations concerning Mr. Solomon's request for verification of the debt. The district court dismissed the complaint with leave to amend to cure the identified defects.

Mr. Solomon filed an amended complaint asserting the same causes of action, but elaborating on the underlying factual situation. The amended complaint featured an allegation that ASC sent him a "letter dated **January 21, 2008**," which was "the **first notice** . . . that he was in default on his account." Aplt. App. at 86. According to the amended filing, ASC "characterized itself as a bona fide 'debt collector,'" *id.* at 87, but its letter violated FDCPA disclosure requirements, *id.* at 86-87. The amended complaint also alleged that defendants continued to violate the FDCPA after January 21, 2008, by providing erroneous account information, failing to furnish debt validation, continuing collection

[1](...continued)
mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period . . . unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed . . . .

activities during the thirty-day period after his request for debt validation, and being obstructive in foreclosure discovery proceedings.

The defendant law firm, Baer & Timberlake, P.C., filed a motion to dismiss the amended complaint. Among other things, it argued that the FDCPA claim was time-barred under 15 U.S.C. § 1692k(d) because the complaint was filed more than one year after January 21, 2008, the date Mr. Solomon admittedly received his first notice of delinquency. In a separate motion, HSBC and ASC continued to maintain that they do not fall within the FDCPA definition of debt collector.

In response to the dismissal motions, Mr. Solomon specifically asserted that HSBC and ASC are debt collectors as defined by the FDCPA. His primary argument, however, was that defendants committed additional violations of the FDCPA within the statute of limitations.

The district court determined that Mr. Solomon's FDCPA cause of action accrued upon the January 21 mailing date of the letter and was therefore time-barred. Concerning Mr. Solomon's allegations of FDCPA violations within the one-year period before he filed his complaint, the district court concluded that there was no legal support for a "continuing violation" theory. Aplt. App. at 170-71. Further, Mr. Solomon would not be "permitted to revive this claim through amendment," in that his "own allegations . . . set forth the operative dates, making the bar by the limitations period apparent." *Id.* at 171. In the absence of a valid federal claim, the district court declined to exercise

supplemental jurisdiction over the state claims. Mr. Solomon appeals the district court's order of dismissal.

II.

On appeal, Mr. Solomon changes his approach to the issue of whether ASC has debt-collector status. He also reasserts his argument that defendants continued to violate the FDCPA after January 21, 2008. "The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo. Courts must evaluate whether the complaint contains enough facts to state a claim to relief that is plausible on its face." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (citations and quotation marks omitted). This court "accept[s] as true all well-pleaded factual allegations and views these allegations in the light most favorable to the plaintiff." *Id.* (quotation marks and alteration omitted). Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Mr. Solomon's modified view of ASC's role is based on the premise that "[if] ASC is not a debt collector, then its January 21st letter was not within the purview of the FDCPA and therefore the statute of limitations issue would be moot." Reply Br. at 7. Mr. Solomon argues that the district court should have recognized the parties' dispute over whether ASC qualified as a debt collector and

-6-

allowed the case to go forward. His argument, however, ignores a well-settled rule: a court should "restrict itself to looking at the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Casanova*, 595 F.3d at 1125. It is error to consider and treat as true an assertion made in a defendant's answer. *See id.* In ruling on the dismissal motion, the district court correctly confined its analysis to the face of the amended complaint.

"'An action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs.'" *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002) (first alteration in original) (quoting 15 U.S.C. § 1692k(d)). And the complaint makes it clear that the statute of limitations bars any FDCPA claim arising from deficiencies in the January 21, 2008, letter.

Mr. Solomon's next argument, however, has a more solid basis. He asserts that the *entire* amended complaint should not have been dismissed simply because *one* allegedly wrongful act occurred outside of the limitation period. The FDCPA's comprehensive scheme makes many debt-collecting maneuvers

actionable.[2]  Thus, separate communications can create separate causes of action

arising from collection of a single debt.

For statute-of-limitations purposes, discrete violations of the FDCPA

should be analyzed on an individual basis.[3]  Mr. Solomon's complaint may be

read to allege at least three kinds of violations within the one-year statutory

[2]      *See* 15 U.S.C. § 1692b (governing debt collector's acquisition of location
information on the debtor); § 1692c (restricting communications with third parties
and debtors); § 1692d (prohibiting harassment, oppression, and abuse); § 1692e
(prohibiting false or misleading representations); § 1692f (prohibiting unfair or
unconscionable means of debt collection); § 1692g (requiring debt collector to
send consumer written notice of debt, along with specified information); § 1692h
(requiring application of payments in accordance with instructions of consumer
owing multiple debts); § 1692j (prohibiting use of deceptive forms).

[3]      This statement is in accord with the vast majority of federal cases that have
considered the issue.  *See, e.g.*, *Purnell v. Arrow Fin. Servs.*, LLC, 303 F. App'x
297, 301-02 (6th Cir. 2008); *Brandon v. Fin. Accounts Servs. Team, Inc.*,
___ F. Supp. 2d ___, No. 3:09-CV-152, 2010 WL 1223919, at * (E.D. Tenn.
Mar. 24, 2010); *Jones v. Baugher*, 689 F. Supp. 2d 825, 829-30 (W.D. Va. 2010);
*Ortiz v. Accounts Receivable Mgmt., Inc.*, No. 09-80124-CIV, 2010 WL 547910,
at *2 (S.D. Fla. Feb. 12, 2010); *Puglisi v. Debt Recovery Solutions, LLC*,
No. 08-CV-5024, 2010 WL 376628, at *3 (E.D.N.Y. Jan. 26, 2010); *Ehrich v.
RJM Acquisitions LLC*, No. 09 CIV. 2696 (BMC) (RER), 2009 WL 4545179,
at *2 (E.D.N.Y. Dec. 4, 2009); *Craig v. Meyers*, No. C-1-09-31, 2009 WL
3418685, at *4 (S.D. Ohio Oct. 19, 2009); *McCorriston v. L.W.T., Inc.*,
536 F. Supp. 2d 1268, 1272 (M.D. Fla. 2008).  Any other rule would immunize
debt collectors from later wrongdoing.

The rule should not be confused, however, with a determination that
defendants' collection activities amounted to a continuing violation, which
generally allows later claims to bring earlier actions within the statute of
limitations.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)
(in an employment discrimination case, contrasting a continuing-violation theory
used to "pull in" a time-barred act with allegations of a "discrete discriminatory
act [that] starts a new clock for filing charges alleging that act").

period:  (1) falsely representing the amount of the debt or compensation for collection of a debt, *see* 15 U.S.C. § 1692e(2)(A); (2) generally engaging in false, deceptive, or misleading practices, *see id.*, § 1692f; and (3) failing to provide debt validation or to cease collection efforts within thirty days after he disputed the debt, *see* § 1692g.  On the face of the amended complaint, it is not at all evident that these claims are barred by the statute of limitations.

III.

We have not evaluated the merits of Mr. Solomon's claims or sorted through allegations of liability as to each defendant.  We decide only that the district court improperly dismissed the entirety of Mr. Solomon's case based on statute-of-limitations grounds.  We AFFIRM the judgment of the district court with respect to any claim based on the contents of the January 21, 2008, letter from ASC.  We REVERSE and REMAND for further proceedings concerning the remaining claims.

Entered for the Court

Stephen H. Anderson
Circuit Judge