FILED
United States Court of Appeals
Tenth Circuit

December 3, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARRY L. SOLOMON,

      Plaintiff-Appellant,

v.

BAER & TIMBERLAKE, P.C.,

      Defendant-Appellee,

and

HSBC MORTGAGE CORPORATION
(USA), d/b/a HSBC Bank USA, as
Trustee; AMERICA'S SERVICING
COMPANY, a/k/a ASC Recovery
Systems,

      Defendants.

No. 12-6118
(D.C. No. 5:09-CV-00200-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Garry L. Solomon appeals from the district court's decision granting summary judgment in favor of Baer & Timberlake, P.C. ("B&T") on his claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. Factual and Procedural Background

B&T was hired by HSBC Mortgage Corporation (USA), d/b/a HSBC Bank USA ("HSBC") to collect a debt from Mr. Solomon. B&T also served as counsel for the loan servicing company, America's Servicing Company, a/k/a ASC Recovery Systems ("ASC"). As part of the initial engagement, HSBC provided B&T with electronic data regarding the debt owed.

On February 13, 2008, B&T sent an initial communication letter to Mr. Solomon advising him that the amount of the debt was $32,534.75 and that he had the right to dispute the amount or request validation of the debt. On February 26, Mr. Solomon sent a facsimile communication requesting the amount of the "reinstatement fee" for his mortgage. Aplt. App. at 135. Relying on information from HSBC, B&T sent Mr. Solomon a letter with the loan reinstatement amount.

On February 28, B&T filed suit in state court on behalf of HSBC, seeking judgment against Mr. Solomon for the principal amount of the loan, plus interest and other costs and fees. Mr. Solomon was served with the petition on March 8.

On March 27, Mr. Solomon's attorney requested debt validation through a facsimile letter to B&T. In June and July, B&T provided loan reinstatement amounts

to Mr. Solomon's attorney, based upon information provided by HSBC. In August, September, and October, B&T provided loan payoff amounts to Mr. Solomon's attorney. The payoff amounts provided in the October letters included settlement proposals from HSBC. Mr. Solomon ultimately sold his home and paid off the debt.

In February 2009, Mr. Solomon filed a complaint against HSBC, ASC and B&T. He asserted claims under the FDCPA and various state law claims arising out of the collection attempts on his home mortgage.

The district court dismissed the FDCPA claims on statute-of-limitations grounds and declined to exercise supplemental jurisdiction over the state law claims. On appeal, this court reversed and remanded the dismissal of the FDCPA claims, finding that Mr. Solomon had alleged at least some wrongdoing within the limitations period. *See Solomon v. HSBC Mortg. Corp*., 395 F. App'x 494, 497-98 (10th Cir. 2010). The appeal did not involve the state law claims and they were not reinstated in the district court on remand.

On remand, the district court granted summary judgment in favor of B&T on all of the FDCPA claims. The district court granted in part and denied in part HSBC and ASC's motion for summary judgment. Mr. Solomon then stipulated to a dismissal with prejudice of the remaining FDCPA claims against HSBC and ASC. Once those claims were dismissed, the district court entered judgment in favor of all three defendants. Mr. Solomon appeals from the district court's decision granting summary judgment in favor of B&T.

## II.  Discussion

We review the district court's summary judgment decision de novo, applying the same standard as the district court.  *Duvall v. Ga.-Pac. Consumer Prods., L.P.*, 607 F.3d 1255, 1259 (10th Cir. 2010).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[I]n applying Rule 56, we consider the evidence in the light most favorable to the non-moving party."  *Duvall*, 607 F.3d at 1259 (internal quotation marks omitted).

Mr. Solomon's complaint alleged three violations of the FDCPA:  (1) falsely representing the amount of the debt or compensation for collection of a debt, *see* 15 U.S.C. § 1692e(2); (2) generally engaging in false, deceptive, or misleading practices, *see id*. § 1692f; and (3) failing to provide debt validation or to cease collection efforts within thirty days after Mr. Solomon disputed the debt, *see id*. § 1692g(a),(b).  The district court considered the three claims in reverse order.

With respect to the § 1692g claim, the court concluded that Mr. Solomon's February 26 facsimile did not seek debt validation nor did it dispute the debt.  The court explained that the language in the facsimile supports the premise that a debt existed and that Mr. Solomon was seeking the amount owed in order to resolve the debt.  The court further explained that because Mr. Solomon did not dispute the debt in writing, B&T was not required to cease collection efforts.  Finally, the court determined that B&T's filing of the foreclosure action prior to the expiration of the

30-day window did not overshadow its initial communication letter. The court noted that Mr. Solomon was aware of his entitlement to and requirements for properly conveying a dispute of the debt well before the foreclosure action was filed. The court therefore concluded that B&T was entitled to judgment on this claim.

With respect to the § 1692f and § 1692e claims, Mr. Solomon argued that B&T engaged in false and misleading actions by increasing or changing its fees with each communication. Mr. Solomon further argued that B&T misrepresented the amount of the debt in its communications to him and in the foreclosure petition. The district court concluded that B&T could not be held liable for any alleged misrepresentations about the amount of the debt because it reasonably relied upon information from its client, which it is permitted to do, *see Clark v. Capital Credit & Collection Servs. Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006) ("[I]f a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors."). The court also noted that B&T had provided an explanation to Mr. Solomon regarding the challenged fees. Because Mr. Solomon provided no evidence to dispute B&T's explanation or any legal authority to dispute that B&T is permitted to rely on its client for the amount of the debt, the district court determined that B&T was entitled to judgment on these claims.

On appeal, Mr. Solomon repeats the arguments he made before the district court, arguing that there are material questions of fact in dispute. Having reviewed the briefs, the record, the district court's decision, and the relevant legal authority, we

conclude that the district court correctly decided this case.  Accordingly, we

AFFIRM the district court's judgment for substantially the same reasons stated by the

court in its Memorandum Opinion and Order entered on March 29, 2012.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge