NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0812n.06

No. 14-1188

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Oct 27, 2014

DEBORAH S. HUNT, Clerk

FRANK REMBISZ,                                     )
                                                   )
      Plaintiff – Appellant,                       )
                                                   )
                                                   )    ON APPEAL FROM THE
v.                                                 )    UNITED STATES DISTRICT
                                                   )    COURT FOR THE EASTERN
JACOB J. LEW, SECRETARY,                           )    DISTRICT OF MICHIGAN
DEPARTMENT OF THE TREASURY,                        )
                                                   )
      Defendant – Appellee.                        )

Before: GIBBONS and KETHLEDGE, Circuit Judges; DOW, District Judge.[*]

DOW, District Judge. A federal employee asserting a discrimination claim must file a complaint within 90 days of receipt of the final agency decision. 42 U.S.C. § 2000e-16(c). Plaintiff-Appellant Frank Rembisz, a criminal investigator with the Internal Revenue Service, maintains that his designated attorney filed a complaint within 90 days of the date of receipt of the final agency decision, even though the complaint was not filed until 98 days after issuance of the decision. Defendant-Appellee Jacob Lew, the Secretary of the Department of Treasury, moved to dismiss, asserting that the complaint was not timely, and the district court agreed. Because the district court relied on the Secretary's "presumptions" and not the allegations of the complaint in ruling on the motion to dismiss, we reverse the dismissal and remand for proceedings consistent with this opinion.

---

[*] The Honorable Robert M. Dow, Jr., Judge for the Northern District of Illinois, sitting by designation.

After he was not selected for a supervisory special agent position within the Internal Revenue Service, Plaintiff Frank Rembisz filed a charge of discrimination against Defendant Jacob Lew, the Secretary of the Department of Treasury. On March 15, 2013, the Department of Treasury issued a final agency decision rejecting the administrative charge of discrimination. Rembisz then filed a complaint in the Eastern District of Michigan on June 21, 2013. The sole allegation in Plaintiff's complaint concerning the issuance and receipt of the agency's final decision is set out in ¶ 45: "On or about March 15, 2013 the Department of Treasury issued a final agency decision, which was received by the Plaintiff on March 25, 2013." Secretary Lew moved to dismiss Plaintiff's complaint, maintaining that Rembisz failed to file the complaint within 90 days of receipt of the final agency decision, as required by 42 U.S.C. § 2000e-16(c). The Secretary claimed that he had served the decision by mailing copies of it—both by first class and certified mail—to Rembisz and his attorney on March 15, 2013. In support of that position, the Secretary attached documents showing Plaintiff had received the agency decision by certified mail on March 22, 2013, and that Plaintiff's designated counsel had received the decision by certified mail on March 25, 2013.

In granting the Secretary's motion to dismiss, the district court found that the final agency decision was served both by first-class and certified mail on both Plaintiff and his attorney on March 15, 2013. Citing our decision in *Graham-Humphries v. Memphis Brooks Museum of Art, Inc.*, the district court "deemed" the decision to have been received by Plaintiff and his counsel on March 20, 2013, which is within five days after mailing. 209 F.3d 552, 557 (6th Cir. 2000) ("The Sixth Circuit has resolved that notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of the right to

sue notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not *receive* notification within that period.") (emphasis in original) (footnote omitted). Applying the 90-day rule, the district court reasoned that Plaintiff had until June 18, 2013, to file his complaint. Since the complaint was not filed until June 21, the district court concluded that it was untimely. The court further reasoned that there was "no indication by Plaintiff's counsel that she did not receive the [final agency decision] that was served by first-class mail, and there was no return of that mail to the defendant."

## II.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim upon which relief can be granted. *Board of Com'rs of Montgomery County, Ohio v. Federal Housing Finance Agency*, 758 F.3d 706, 710 (6th Cir. 2014) (citing *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010). "[W]e accept as true all non-conclusory allegations in the complaint and determine whether they state a plausible claim for relief." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

This case comes to us on a motion to dismiss, not a motion for summary judgment. According to the Secretary, the district court properly dismissed Rembisz's complaint because it was not timely filed with 90 days of the presumed date on which Plaintiff's attorney received notice of the agency's final decision.[1] But both statute of limitations and exhaustion of

---

[1] In 1999, Federal Regulation 29 CFR 1614.605 was adopted and made applicable to § 2000e-16(c). 29 CRF 1614.605(d) states in pertinent part: "When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney." The parties do not dispute that Rembisz had designated attorney Heidi T. Sharp to represent him in his proceedings before the EEOC, and the Secretary, as directed by

administrative remedies are affirmative defenses, on which a defendant bears the ultimate burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) ("The statute of limitations, like exhaustion of administrative remedies, is an affirmative defense."); *Fonseca v. Consolidated Rail Corp.*, 246 F.3d 585, 590 (6th Cir. 2001) (noting that a defendant has the burden of proof on all affirmative defenses, "such as the statute of limitations"). At the motion to dismiss stage, courts are bound to accept the well-pleaded allegations of a complaint as true and to draw inferences and resolve ambiguities in a plaintiff's favor. *See Delay*, 585 F.3d at 1005 (6th Cir. 2009); *see also Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir. 1994).

As set forth above, the sole allegation in Rembisz's complaint concerning the issuance and receipt of the agency's final decision is that he received the final agency decision on March 25, 2013. The Secretary did not dispute those basic facts but rather attached to his motion to dismiss an affidavit providing additional facts including the following: First, that the Secretary sent two notices, one by first-class mail and the other by registered mail; and second, that the tracking number on the registered mail notice confirms that Rembisz's counsel received that copy on March 25. There is neither an allegation in Rembisz's complaint, nor any submitted evidence (one way or the other), concerning whether, and if so, when, counsel received the notice that was mailed by first-class.

While statute of limitations and exhaustion issues are susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads himself out of court (*see Jones v. Bock*, 549 U.S. 199, 215 (2007)), a plaintiff need not respond to a motion to dismiss with affirmative matter raising a triable issue of fact on an affirmative defense. In the Secretary's appellate brief, he contends that "Rembisz did not offer any *evidence* to establish that neither he

---

the regulation, sent the final agency decision to both Rembisz and Sharp. Therefore, the date of receipt by Sharp is what matters for calculating the 90 days.

nor his attorney actually received the decision sent to them by first class mail." Appellee's Brief at 6 (emphasis added); *see also id.* at 7 ("Rembisz, however, failed to produce evidence in the district court of whether or when his attorney received the first class mail copy of the decision."). This argument jumps the gun, as presenting evidence is one of the obligations imposed under Rule 56, not Rule 12, of the Federal Rules of Civil Procedure.[2] When the complaint alleges a late date of receipt, or non-receipt, for purposes of a Rule 12(b)(6) motion, a court must accept that allegation as true and must then deny a defendant's motion to dismiss for timeliness.

Of course, if Rembisz cannot come forward with evidence at summary judgment that rebuts the presumption that the mailed notice was received by counsel by March 20, 2013—*i.e.*, within the five day period set out in the presumption—then his case will not be long for this world. But reaching that conclusion on a motion to dismiss in which Rembisz did not plead himself out of court was premature. Rembisz alleged receipt on March 25, 2013, which would render the filing of his complaint on June 21, 2013, timely given the obligation to file within 90 days of receipt of the agency decision. The district court's dismissal order must be vacated and the case remanded for further proceedings.

III.

For the reasons stated above, the judgment of the district court is reversed and the case is remanded for proceedings consistent with this opinion.

---

[2] Notably, the case relied upon by the district court in granting the Secretary's motion to dismiss pertained to proceedings at summary judgment, not on motion to dismiss. *Graham-Humphries*, 209 F.3d at 556.