NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0357n.06

No. 14-3514

FILED
May 12, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JAMIE MICHALAK,

       Plaintiff-Appellant,

v.

LVNV FUNDING, LLC,

       Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO


OPINION

BEFORE: DAUGHTREY, GIBBONS, and GRIFFIN, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** On November 8, 2013, Jamie Michalak filed a class action complaint alleging that LVNV Funding, LLC ("LVNV") violated the Fair Debt Collection Practices Act ("FDCPA"). "Beginning on or about May 2012," the complaint claims, "LVNV sent multiple dunning letters to Ms. Michalak by way of various agents." Compl. ¶ 9. "In each dunning letter, LVNV claimed a different amount . . . due," *id.* ¶ 10, and each new amount was "inconsistent, erratic, and arbitrary," *id.* ¶ 11. According to the complaint, "LVNV had no right in contract or law" to collect these amounts. *Id.* ¶ 12. As to the class, the complaint seeks recovery on behalf of Michalak and "all consumers who have been dunned by LVNV for amounts to which LVNV has no[] right in contract or law, for the one-year period preceding the date of filing" of the complaint. *Id.* ¶ 18.

LVNV moved to dismiss the complaint for failure to state a claim and as barred by the FDCPA's statute of limitations, 15 U.S.C. § 1692k(d), which allows courts to enforce only those actions brought "within one year from the date on which the violation occurs." To its motion LVNV attached three dunning letters to Michalak, all showing dates in May 2012 or earlier. The district court granted the motion over Michalak's objection, relying on LVNV's letters to hold Michalak's claim time-barred.

Michalak appeals that decision, and LVNV, for its part, asks us to affirm not only on limitations grounds but also because the complaint fails to allege a plausible violation of the FDCPA. We agree with Michalak's view, and we now reverse.

## I.

We review *de novo* a dismissal under Rule 12(b)(6), accepting all factual allegations as true and construing the complaint favorably to the plaintiff. *Conlon v. InterVarsity Christian Fellowship*, 777 F.3d 829, 832 (6th Cir. 2015). "Generally, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). And that is because a plaintiff has no obligation under Rule 8 to plead compliance with the statute of limitations. *Cf. Jones v. Bock*, 549 U.S. 199, 212–15 (2007). Instead, the burden of pleading, and proving, the affirmative defense of § 1692k(d) rests with the defendant. *See* Fed. R. Civ. P. 8(c)(1).

Dismissal can be appropriate, though, if the "allegations in the complaint *affirmatively show* that the claim is time-barred." *Cataldo*, 676 F.3d at 547 (emphasis added). But that is not the case here. The complaint states that Michalak received dunning letters from LVNV

"[b]eginning on or about May 2012," roughly a year-and-a-half before she sued. Compl. ¶ 9. That suggests that recovery on *one* dunning letter is time-barred. As both parties acknowledge, however, each dunning letter may constitute a separate violation of the FDCPA. *See Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 301–02 (6th Cir. 2008); *accord Solomon v. HSBC Mortg. Corp.*, 395 F. App'x 494, 497 n.3 (10th Cir. 2010). We can clearly infer from the use of the word "[b]eginning" that Michalak continued to receive dunning letters past May 2012 through some unspecified time. So the complaint does not conclusively establish LVNV's affirmative defense as to *all* of its letters, or how many such letters exist. If anything, we can infer from the description of the class as consumers with timely claims, and the complaint's inclusion of Michalak in that class, that she received at least one dunning letter on November 8, 2012 or later.

Nor was dismissal appropriate on the strength of the letters that LVNV attached to its motion. Perhaps those letters will help LVNV prevail upon a motion for summary judgment. But here, before discovery, Michalak had no duty to "respond to a motion to dismiss with affirmative matter raising a triable issue of fact on an affirmative defense." *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014). It should also go without saying that LVNV has every reason to proffer only untimely letters in support of its motion. The district court therefore erred in dismissing the complaint as time-barred.[1]

## II.

For the reasons set forth above, we reverse and remand for further proceedings consistent with this opinion.

---

[1] We leave it for the district court to decide in the first instance whether Michalak's complaint should be dismissed for other reasons.