Jackson was represented by Bryan E. Brody and Alexander J. Cornwell of Brady & Cornwell in St. Louis, MO.
Barton, of The Barton Law Group LLC in Chesterfield, MO represented himself.
Patricia Breckenridge, Judge *265 Keith Jackson filed an action against the owners and operators of LifeSmile Dental Care (collectively, "LifeSmile") and attorney Dennis J. Barton III. The petition alleged Mr. Barton's debt collection actions violated the Fair Debt Collection Practices Act (FDCPA). The petition further alleged LifeSmile and Mr. Barton violated the Missouri Merchandising Practices Act (MMPA). The alleged violations arose out of Mr. Barton's attempts to collect payment Mr. Jackson purportedly owed as a result of dental services rendered by LifeSmile. The circuit court dismissed Mr. Jackson's petition, concluding his FDCPA claim was barred by the one-year statute of limitations and his MMPA claim failed to state a claim because Mr. Barton's collection activities were not "in connection with" the sale of LifeSmile's dental services to Mr. Jackson and no lender-borrower relationship existed between Mr. Barton and Mr. Jackson.
The circuit court erred in concluding Mr. Jackson's FDCPA claim was barred by the one-year statute of limitations. Mr. Jackson identified three actions he alleges amount to an FDCPA violation, all occurring within a year of his filing of the FDCPA action. An FDCPA violation is not time-barred simply because it restates or relates back to assertions made in a debt collection action that is beyond the one-year statute of limitations. That the alleged conduct relates to the collection of a single debt does not preclude such conduct from constituting an independent FDCPA claim.
Likewise, the circuit court erred in concluding Mr. Jackson failed to state an MMPA claim. A relationship existed between LifeSmile's sale of dental services to Mr. Jackson and Mr. Barton's subsequent collection actions. That Mr. Barton did not become involved in the transaction until after the dental services had been performed is of no consequence. Mr. Barton's efforts to collect payment were an attempt to complete the sale transaction and, therefore, were "in connection with" the sale. The circuit court's judgment is reversed, and the case is remanded.
Factual and Procedural Background[1]
In June 2011, Mr. Jackson sought dental services from LifeSmile and informed LifeSmile he could not spend more than $1,000. LifeSmile told Mr. Jackson the dental work would cost $1,090 but he would be responsible only for $178 because his insurance would cover the remainder. LifeSmile agreed to extend credit to Mr. Jackson, allowing him to pay the charges over an extended period of time. Mr. Jackson did not enter into a written agreement with LifeSmile regarding the dental services. LifeSmile subsequently completed the dental procedures, and Mr. Jackson paid LifeSmile $178 in cash.
In April 2012, Mr. Jackson returned twice to LifeSmile for additional dental services. LifeSmile informed him the additional services would cost $495 in total but he would be responsible for only $177.80 after insurance. Mr. Jackson did not sign a written agreement regarding the dental services he received in April. He subsequently paid LifeSmile the $177.80.
*266 On June 15, 2012, LifeSmile began sending Mr. Jackson collection letters stating he owed LifeSmile $184.20. At that time, it also began assessing a $35 monthly late fee against Mr. Jackson. On September 9, 2013, Mr. Barton filed a collection suit on behalf of LifeSmile against Mr. Jackson. LifeSmile's petition alleged that, on or about June 22, 2011, Mr. Jackson requested LifeSmile extend dental services valued at $485.52, which remained due plus interest. In its prayer for relief, LifeSmile requested a judgment for the $485.52 together with interest, reasonable attorney fees pursuant to contract, and court costs. Mr. Barton set the case for trial on July 10, 2014. Mr. Jackson appeared with his attorney on the scheduled trial date, but Mr. Barton did not appear on behalf of LifeSmile. The circuit court dismissed the action without prejudice for failure to prosecute.
On July 16, 2014, Mr. Barton sent Mr. Jackson a demand letter for $551.34 and sought prejudgment interest on that amount dating back to June 22, 2011. On the same day, Mr. Barton filed a motion to vacate and set aside the judgment dismissing the collection action for failure to prosecute. On August 7, 2014, the circuit court sustained Mr. Barton's motion and vacated its judgment dismissing the collection action against Mr. Jackson. On October 2, 2014, LifeSmile voluntarily dismissed the collection action against Mr. Jackson.
On January 29, 2015, Mr. Jackson filed an action against Mr. Barton and LifeSmile[2] alleging Mr. Barton violated the FDCPA by engaging in harassing, abusive, misleading, deceptive, and unconscionable conduct in attempting to collect payment on behalf of LifeSmile. Mr. Jackson further alleged Mr. Barton and LifeSmile violated the MMPA by using false pretenses, false promises, misrepresentations, factual omissions, and unfair business practices in deceiving him about the cost and terms of the dental work.
In his amended petition, Mr. Jackson alleged LifeSmile fabricated a contract that greatly changed the pricing terms he had agreed to with LifeSmile, including that he would be subjected to monthly late fees on the unpaid balance, and forged his signature on the fabricated contract. The contract purported to pertain to all dental services Mr. Jackson received from LifeSmile. He further claimed Mr. Barton knew or should have known that Mr. Jackson's signature on the fabricated contract was forged, that Mr. Jackson had paid all amounts agreed to with LifeSmile, and that no written agreement, including the forged contract, obligated Mr. Jackson to pay attorney fees.
In response, Mr. Barton filed a motion to dismiss asserting Mr. Jackson's FDCPA claim was barred by the one-year statute of limitation because Mr. Jackson failed to file the FDCPA claim within one of year of Mr. Barton filing the collection action on behalf of LifeSmile. Mr. Barton further asserted Mr. Jackson failed to state a claim for any MMPA violation because Mr. Barton's collection actions were not "in connection with" the sale of LifeSmile's dental services to Mr. Jackson.
The circuit court sustained Mr. Barton's motion to dismiss, concluding the FDCPA claim was time-barred and the MMPA claim failed because Mr. Barton had no *267 connection with the sale of dental services and there was no lender-borrower relationship between Mr. Barton and Mr. Jackson. Mr. Jackson then voluntarily dismissed his claim against LifeSmile and appealed. After an opinion by the court of appeals, the case was transferred to this Court. Mo. Const. art. V, sec. 10.
Standard of Review
This Court reviews the grant of a motion to dismiss de novo. Hanson v. Carroll , 527 S.W.3d 849, 852 (Mo. banc 2017). "A motion to dismiss for failure to state a claim is solely a test of the adequacy of a plaintiff's petition." Smith v. Humane Soc'y of U.S. , 519 S.W.3d 789, 797 (Mo. banc 2017) (internal quotation omitted). This Court, therefore, assumes all facts alleged in the petition are true and construes all reasonable inferences in favor of the plaintiff. Id. at 798.
The FDCPA Claim
In his first point, Mr. Jackson asserts the circuit court erred in dismissing his FDCPA claim against Mr. Barton as time-barred because he alleged Mr. Barton committed multiple discrete acts within one year of filing his FDCPA claim.[3] A cause of action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). By section 1692k(d) 's plain language, the statute of limitations begins to run from the date of the violation. Therefore, the "applicability of § 1692k(d) turns on when the alleged 'violation' occurred." Demarais v. Gurstel Chargo, P.A. , 869 F.3d 685, 693 (8th Cir. 2017).[4]
Here, Mr. Jackson alleges three instances of specific conduct by Mr. Barton amounting to an FDCPA violation: (1) Mr. Barton's purposeful failure to appear for the July 10, 2014 trial date; (2) Mr. Barton's sending of the July 16, 2014 demand letter with the grossly false amount; and (3) Mr. Barton's actions obtaining the August 7, 2014 order setting aside of the dismissal of the collection action for amounts Mr. Jackson did not owe. Mr. Jackson filed his FDCPA action January 29, 2015. These alleged instances all occurred within a year of Mr. Jackson filing his FDCPA action.
Mr. Barton asserts Mr. Jackson's FDCPA claim is, nevertheless, untimely because the alleged conduct all relates back to the filing of the collection action. Mr. Barton contends the statute of limitations begins to run for FDCPA claims regarding collection actions on the date the consumer is served; therefore, he asserts *268 the one-year statute of limitations period on Mr. Jackson's FDCPA claim began accruing October 7, 2013, when Mr. Jackson was served with the collection action.
Mr. Barton is correct that an FDCPA claim arising from the instigation of a debt collection suit occurs when the consumer is served. See Johnson v. Riddle , 305 F.3d 1107, 1113 (10th Cir. 2002). But Mr. Jackson is not alleging the collection action, in and of itself, constituted an FDCPA violation. Rather, he is alleging specific conduct by Mr. Barton occurring after the filing of the collection action amounts to an FDCPA violation. In a case with analogous facts, the Eighth Circuit concluded a consumer's FDCPA claim was not barred by the one-year statute of limitations just because the violation related back to the complaint made in a debt collection action. See Demarais , 869 F.3d at 693.
In Demarais , the consumer alleged a law firm representing a creditor violated the FDCPA because, "[w]hen alleged debtors do not file answers, [the law firm] often allows the cases to be set for trial rather than moving for default judgments" and then, on the date of trial, appears without any client representatives, witnesses, or other evidence and asks for a continuance if the debtor appears. Id. at 689. The consumer alleged the practice was used to avoid a Minnesota statute regarding default judgments on consumer debts and was an attempt to collect post-charge-off interest. Id. at 689-90. The district court found the FDCPA claim was barred by the one-year statute of limitations. Id. at 690. In doing so, it reasoned "communications during the course of litigation that merely restate or relate back to assertions made in the complaint do not restart the limitations period." Id. at 694 (internal quotation omitted).
The Eighth Circuit rejected the district court's reasoning and found it was of no consequence "that the debt collector's violation restates earlier assertions-if the plaintiff sues within one year of the violation, it is not barred by § 1692k(d)." Id. It emphasized each violation must be evaluated individually in determining "whether any portion of the claim is not barred by the statute of limitations." Id. (internal quotation omitted). Otherwise, debt collectors would be immunized from later wrongdoing. Id. The Eighth Circuit concluded the district court should have focused on the consumer's allegation and determined whether the consumer plausibly alleged the law firm violated the FDCPA on that date. Id.
An FDCPA violation, therefore, is not time-barred simply because it restates or relates back to assertions made in a debt collection action that was filed beyond the one-year statute of limitations. Instead, the proper focus is on determining whether an FDCPA violation occurred on the alleged date.
Mr. Barton does not address whether the alleged conduct-that he engaged in harassing and deceptive conduct by purposefully failing to appear at trial, attempting to collect a grossly false amount by sending another demand letter, and later filed a motion in the circuit court seeking to set aside its dismissal of the collection action for an amount Mr. Jackson did not owe-amounts to an FDCPA violation.[5] Rather, Mr. Barton focuses almost *269 exclusively on how the alleged violations all relate back to the debt collection action and attempts to frame Mr. Jackson's allegations as a request for application of the continuing-violation doctrine.
"The continuing-violation doctrine provides that violations which occur beyond the limitations period are actionable where a plaintiff challenges not just one incident of unlawful conduct but an unlawful practice that continues into the limitations period." Slorp v. Lerner, Sampson & Rothfuss , 587 Fed.Appx. 249, 257 (6th Cir. 2014) (internal quotation omitted). The federal circuit courts that have addressed the issue have rejected application of the continuing-violation doctrine to the FDCPA, see id. at 257-59 ; Gajewski v. Ocwen Loan Servicing , 650 Fed.Appx. 283, 286 (7th Cir. 2016) ; Schaffhauser v. Citibank (S.D.) N.A. , 340 Fed.Appx. 128, 131 (3d Cir. 2009), and have reasoned that "violations that occur within the limitations window must be discrete violations; they cannot be the later effects of an earlier time-barred violation." Slorp , 587 Fed.Appx. at 259. Defendants do not commit separate FDCPA violations each time they file pleadings supporting the legitimacy of their collection actions. Id. This is because a consumer is not deceived or abused anew each time "the defendants reaffirm[ ] their deceptive statements throughout the litigation." Id.
Mr. Jackson is not alleging his FDCPA claim is timely because Mr. Barton continued to prosecute the debt collection action into the limitations period. Mr. Jackson alleges Mr. Barton engaged in tactics-the intentional failure to appear at trial, the demand letter sent while the case was dismissed, and the filing of the motion to set aside the dismissal of the action-designed to harass him into paying the debt by causing him to incur substantial and unnecessary fees. Mr. Jackson alleges these discrete tactics amount to an FDCPA violation in that they establish Mr. Barton engaged in harassing, abusive, misleading, deceptive, and unconscionable conduct in an attempt to collect a debt that was not owed. That the alleged conduct relates to the collection of a single debt does not preclude Mr. Barton's subsequent conduct from constituting an independent FDCPA violation. See Solomon v. HSBC Mortg. Corp. , 395 Fed.Appx. 494, 497 (10th Cir. 2010) (explaining "separate communications can create separate causes of action arising from collection of a single debt"). Therefore, the circuit court erred in concluding Mr. Jackson's FDCPA claim was barred by the one-year statute of limitations.
The MMPA Claim
Mr. Jackson further asserts the circuit court erred in dismissing his MMPA claim because Mr. Barton's collection *270 activities were "in connection with" his purchase of dental services from LifeSmile. Section 407.020.1[6] of the MMPA provides:
The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale ... of any merchandise in trade or commerce ... is declared to be an unlawful practice.... Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.
(Emphasis added). This Court previously addressed the meaning of "in connection with" for purposes of section 407.020.1 in Conway v. CitiMortgage, Inc. , 438 S.W.3d 410, 414 (Mo. banc 2014).
In Conway , the plaintiffs alleged their loan servicer violated the MMPA when it wrongfully foreclosed on their home. Id. at 413. The circuit court dismissed the plaintiffs' MMPA claims, finding the loan servicer's post-sale activities were not in connection with the claims and representations made before or at the time of the transaction. Id. In reversing the circuit court's judgment, this Court explained that, although "the MMPA states that a violation can happen at any time before, during or after a sale, it does not set out when an unlawful act is committed 'in connection with' the sale." Id. at 414. Looking to the dictionary definition of "to connect," this Court found, under the plain language of section 407.020.1, the MMPA "prohibits the use of the enumerated deceptive practices if there is a relationship between the sale of merchandise and the alleged unlawful action." Id.
This Court reasoned the sale of a loan creates a long-term relationship between the borrower and the lender as the parties continue to carry out their duties throughout the life of the loan. Id. at 415. The Court further reasoned "how a party enforces the terms of a 'sale' is 'in connection with' the original sale of merchandise[7] because the MMPA covers alleged wrongdoing 'before, during or after' the sale." Id. This Court concluded, because "the MMPA was enacted to supplement the common law definition of fraud, there is no compelling reason to interpret 'in connection with' to apply only when the entity engaged in the misconduct was a party to the transaction at the time the transaction was initiated." Id.
Here, the circuit court dismissed Mr. Jackson's MMPA claim on the basis that Mr. Barton had no connection with the sale of dental services to Mr. Jackson. But there is a relationship between LifeSmile's sale of dental services to Mr. Jackson and Mr. Barton's subsequent collection actions. Section 407.010(6) defines "sale" as "any sale, lease, offer for sale or lease, or attempt to sell or lease merchandise for cash or on credit." Therefore, pursuant to section 407.010(6), a sale is not completed until payment is received for the services rendered.[8]
*271 LifeSmile sold dental services to Mr. Jackson. Mr. Jackson owed LifeSmile for the services rendered in the sale. LifeSmile then hired Mr. Barton to collect the amount that purportedly remained unpaid following the rendering of the dental services. Therefore, pursuant to section 407.010(6), the sale of the dental services to Mr. Jackson was for credit, and Mr. Barton's actions on behalf of LifeSmile were to collect payment as part of the sale.
It is inconsequential that Mr. Barton did not become involved in the transaction until after the dental services had been performed. Mr. Barton's efforts, therefore, were an attempt to complete the sale.
Mr. Barton asserts his collection actions are not "in connection with" the sale of LifeSmile's dental services because, in the absence of the parties bargaining for and agreeing that collection activities are part of the sale, such services are not "in connection with" the sale. In support of his assertions, Mr. Barton relies on Watson v. Wells Fargo Home Mortgage, Inc. , 438 S.W.3d 404 (Mo. banc 2014). But Watson does not support such propositions.
In Watson , the plaintiff alleged the loan servicer wrongfully foreclosed on a deed of trust and engaged in bath faith negotiations on a loan modification. Id. at 405. The circuit court dismissed the plaintiff's action after concluding the loan servicer's actions were not "in connection with" the sale because the loan servicer was not an original party to the transaction. Id. This Court concluded, as in Conway , the loan servicer's wrongful foreclosure allegations were in connection with the sale. Id. at 408. But this Court affirmed the circuit court's finding that the loan modification negotiations were not "in connection with" the sale of the original loan because the loan modification was "not a service the lender agreed to sell or the borrower agreed to buy when the parties agreed to the loan." Id. As this Court explained, by engaging in loan modification negotiations, the loan servicer "was not enforcing the terms of the loan but rather contemplating creating a new agreement." Id.
This Court's holding in Watson , therefore, turned on the fact that the conduct in question-the loan modification negotiations-was not an attempt to enforce part of the original sale but rather an attempt to create a new agreement. Here, Mr. Barton's collection activities were carried out to enforce the terms of the original sale of dental services. Accordingly, Watson does not support Mr. Barton's assertion that collection activities must be contemplated at the time the sale originates.
The circuit court further concluded Mr. Jackson's MMPA claim must fail because no lender-borrower relationship existed between Mr. Barton and Mr. Jackson. Mr. Barton contends such a relationship is necessary to hold third-party debt collectors liable under the MMPA and encourages this Court to adopt the Eighth Circuit's reasoning to that effect in Wivell v. Wells Fargo Bank, N.A. , 773 F.3d 887 (8th Cir. 2014).
In Wivell , the plaintiffs brought an MMPA claim against their loan servicer as well as the trustee of the deed who foreclosed on their property. Id. at 892. In determining whether the trustee had been fraudulently joined to avoid removal to federal court, the Eighth Circuit concluded the MMPA claim against the trustee was not supported by a "reasonable basis in fact and law." Id. at 895. The Eighth Circuit reasoned Conway and Watson "turned on the continuing nature of the lender-borrower relationship." Id. It concluded the trustee did not assume a similar, continuing duty to service the loan and, instead, had "a narrow, contingent role" in the event of a default such that his role *272 was not "in connection with" the sale of the loan. Id.
First, while both Conway and Watson involved a lender-borrower relationship, nothing in this Court's analysis suggests such a relationship is required to find a third-party debt collector's actions were "in connection with" a sale. Rather, the overarching issue presented in Conway and Watson was whether the actions of third-party debt collectors who were not parties to the original transaction could be considered "in connection with" the sale. This Court concluded: "Given the potentially broad scope of what is prohibited under the MMPA, it would seem incongruous to limit 'in connection with' to only apply to the original parties in a transaction." Conway , 438 S.W.3d at 416. Moreover, although Mr. Barton contends no lender-borrower relationship such as those in Conway and Watson exists in this case, Mr. Barton was acting on behalf of the lender, LifeSmile, in collecting payment for the dental services provided to Mr. Jackson, the borrower. Mr. Barton, therefore, was acting just as the debt collectors servicing the loans in Conway and Watson . Accordingly, Wivell is distinguishable from the present case.
Viewing all allegations in the petition as true, Mr. Jackson has pleaded a relationship existed between Mr. Barton's collection activities and LifeSmile's sale of dental services to Mr. Jackson such that Mr. Barton's actions were "in connection with" the sale for purposes of the MMPA.[9] The circuit court erred in dismissing Mr. Jackson's MMPA claim.
Conclusion
Mr. Jackson's FDCPA claim was not barred by the one-year statute of limitations, and he sufficiently alleged Mr. Barton's collection actions were "in connection with" the sale of LifeSmile's dental services for purposes of his MMPA claim. The circuit court, therefore, erred in sustaining Mr. Barton's motion to dismiss. The circuit court's judgment is reversed, and the case is remanded.
Draper, Russell and Stith, JJ., concur;
Wilson, J., dissents in separate opinion filed;
Fischer, C.J., concurs in opinion of Wilson, J.
Powell, J., not participating.
DISSENTING OPINION

When reviewing a motion to dismiss, this Court assumes the facts alleged in the petition are true. LeBeau v. Comm'rs of Franklin Cty., Mo. , 422 S.W.3d 284, 288 (Mo. banc 2014).

The dissenting opinion faults Mr. Jackson for not filing his MMPA claim against LifeSmile. But Mr. Jackson filed his MMPA action against Sally K. Herbert, Brent B. Setien, and Blake B. Setien. The petition alleges they are the owners and operators of the "fictitious entity" known as LifeSmile. Although they denied this allegation in their answer, this Court must take the allegations in the petition as true for purposes of reviewing a motion to dismiss. See LeBeau , 422 S.W.3d at 288.

The points relied on raised in Mr. Jackson's brief are deficient in that they assert errors made by the court of appeals, not the circuit court. Once this Court accepts transfer, the case is treated "the same as an original appeal," Rule 83.09, and the court of appeals opinion "is of no precedential effect." Philmon v. Baum , 865 S.W.2d 771, 774 (Mo. App. 1993). Rule 84.04(d)(1)(A), therefore, requires an appellant to "[i]dentify the trial court ruling or action that the appellant challenges." (Emphasis added). Nevertheless, "it is the policy of this court to decide cases on the merits whenever possible." Thummel v. King , 570 S.W.2d 679, 690 (Mo. banc 1978). "While not condoning noncompliance with the rules, a court will generally, as a matter of discretion, review on the merits where disposition is not hampered by the rule violations." Brown v. Hamid , 856 S.W.2d 51, 53 (Mo. banc 1993). Mr. Jackson's deficient points relied on do not hamper this Court's review of the appeal on the merits.

There are no Missouri appellate decisions construing the FDCPA's one-year statute of limitations. When construing a federal statute, this Court respectfully examines lower federal court opinions interpreting the federal statute "for such aid and guidance as may be found therein." Reynolds v. Diamond Foods & Poultry, Inc. , 79 S.W.3d 907, 910 (Mo. banc 2002).

The only argument Mr. Barton advances that the alleged conduct does not amount to an FDCPA violation is that, in the underlying collection action, the circuit court sustained his motion to vacate and set aside its judgment dismissing the case for failure to prosecute. In his motion to set aside, Mr. Barton alleged he missed the scheduled trial date due to an unintentional, good-faith scheduling error. Mr. Barton asserts that, by sustaining the motion, the circuit court ruled he committed a good-faith error and was not engaging in harassing, abusive, misleading, deceptive, or unconscionable conduct in an attempt to collect a debt. The motion to set aside and the circuit court's ruling thereon, however, cannot be considered by this Court. "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." State ex rel. Henley v. Bickel , 285 S.W.3d 327, 329 (Mo. banc 2009). If matters outside the pleadings are considered by the circuit court, it is treated as a motion for summary judgment. To treat a motion to dismiss as a summary judgment motion, the trial court "must notify the parties that it is going to do so and give the parties an opportunity to present all materials pertinent to the motion for summary judgment." Hoover v. Mercy Health , 408 S.W.3d 140, 142 (Mo. banc 2013). The record in this case gives no indication the parties or the circuit court treated the motion to dismiss as one for summary judgment.

All statutory citations are to RSMo Supp. 2013, unless otherwise noted.

For purposes of the MMPA, "merchandise" is defined to include "services" such as the dental work performed in this case. See section 407.010(4).

In fact, Mr. Jackson alleged in the petition that he and LifeSmile agreed the transaction would not be complete until he "paid Lifesmile in accordance with Lifesmile's payment demands." Taking such allegation as true, as we are required to do under the standard of review, the agreement between the parties recognized that the sale was not completed until payment was made; therefore, the sale of the dental services was not completed when LifeSmile hired Mr. Barton.

The dissenting opinion interprets Conway to require an ongoing relationship to find a debt collector's actions were "in connection with" the sale. But Conway should not be read so narrowly. Although Conway did involve an ongoing borrower-lender relationship, this Court interpreted "in connection with" to require only that "there is a relationship between the sale of the merchandise and the alleged unlawful action." 438 S.W.3d at 414.