**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1325**

ROBERT L. BENDER; DEBORAH A. BENDER,

    Plaintiffs – Appellants,

    v.

ELMORE & THROOP, P.C.,

    Defendant – Appellee.

------------------------------

CONSUMER FINANCIAL PROTECTION BUREAU,

    Amicus Supporting Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge.  (1:18-cv-00979-CCB)

Submitted:  May 22, 2020                          Decided:  July 2, 2020

Before AGEE, KEENAN, and RICHARDSON, Circuit Judges.

Vacated and remanded by published opinion.  Judge Keenan wrote the opinion, in which Judge Agee and Judge Richardson joined.

E. David Hoskins, THE LAW OFFICE OF E. DAVID HOSKINS, LLC, Baltimore, Maryland, for Appellants.  John S. Vander Woude, ECCLESTON & WOLF, P.C., Hanover, Maryland, for Appellee.  Mary McLeod, General Counsel, John R. Coleman,

Deputy General Counsel, Steven Y. Bressler, Assistant General Counsel, Kevin E. Friedl, CONSUMER FINANCIAL PROTECTION BUREAU, Washington, D.C., for Amicus Curiae.

———————

BARBARA MILANO KEENAN, Circuit Judge:

Robert and Deborah Bender (the Benders) appeal from the district court's dismissal of their complaint brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA, or the Act). The district court dismissed the Benders' complaint after concluding that it was barred by the FDCPA's one-year statute of limitations. In reaching this conclusion, the court acknowledged that the Benders had alleged violations of the Act occurring within one year of the date the suit was filed. Nevertheless, the court held that the entire complaint was time-barred because the more recent violations that the Benders alleged were of the "same type" as other violations that occurred outside the one-year limitations period.

We disagree with the district court's analysis and hold that each violation of the FDCPA gives rise to a separate claim governed by its own limitations period. We therefore vacate the district court's judgment and remand the case for further proceedings.

I.

The complaint in this case arose from a dispute between the Benders and their homeowners' association (HOA). Because the Benders' suit was dismissed under Federal Rule of Civil Procedure 12(b)(6), we accept as true the facts stated in their complaint and draw all reasonable inferences in the Benders' favor. *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020).

On April 16, 2016, the Benders found a notice taped to the door of their home. The notice originated from the defendant, Elmore & Throop, P.C. (Elmore), a law firm retained

3

by the Benders' HOA. The letter stated that the Benders had failed to pay $77.09 in HOA assessments, and included a demand that the Benders pay a total of more than $1,000 to satisfy both the HOA assessments and the costs and attorneys' fees attributable to the asserted delinquency. In response, the Benders delivered a letter to Elmore together with copies of cancelled checks showing that they had paid the assessments. Elmore acknowledged that the disputed payments had been received, but nonetheless asserted that the Benders owed the costs and attorneys' fees detailed in the initial letter.

Over the next several months, the Benders exchanged additional correspondence with Elmore. The Benders continued to deny ever having made any late payments, and Elmore persisted in maintaining that late fees, costs, interest, and attorneys' fees were owed. On May 18, 2016, following another demand for payment, the Benders personally delivered a letter to Elmore "requesting that [it] stop contacting us about this claim" and stating that the Benders would consider "any further attempt to collect a debt against us or record a lien on our property [as] harassment[.]"

In January 2017, Mr. Bender attended the annual HOA meeting and hand-delivered payment for a quarterly HOA assessment unrelated to this action. The President of the HOA directed Mr. Bender to leave the meeting, and Mr. Bender later received a notice that he had been banned from the HOA's premises for one year. In February 2017, the Benders received another letter (the February letter) from Elmore. The February letter acknowledged receipt of the HOA payment made by Mr. Bender at the meeting in January 2017, but noted as outstanding the accumulated fees and costs associated with the original disputed payment from 2016.

4

On March 10, 2017, the Benders responded to the February letter, writing that "in our correspondence to you on this matter, we had requested that you stop contacting us about that claim . . . As both my wife and I dispute the debt referenced in your most recent letter, I am now requesting once again that you stop all communications with my wife and myself concerning this debt." The Benders received additional correspondence from Elmore on March 14, 2017, including an updated ledger of the Benders' account showing that a fee had been added for preparation of the February letter.

In January 2018, Mr. Bender sent a letter to the HOA, requesting to attend its upcoming annual meeting. In response, the Benders received a voicemail from an Elmore attorney seeking to discuss Mr. Bender's letter. When Mr. Bender returned the call, the attorney told Mr. Bender that he would not be allowed to attend the annual meeting, and that "this whole thing would not have happened if you would just pay your bills." When Mr. Bender responded by stating that his account was current, the attorney informed Mr. Bender that a lien had been placed on the Benders' property.

On February 6, 2018, the Benders received further correspondence from Elmore, including an updated ledger, which showed additional fees for sending "balance due" notices and "acknowledgement letters" to the Benders. Although this correspondence from Elmore purported to provide the Benders with "verification of your account as you requested," the Benders deny having made any such request for verification. The Benders filed the present action against Elmore on April 5, 2018.

In their complaint, the Benders alleged that Elmore violated various provisions of the FDCPA by engaging in unfair debt collection practices and by improperly

5

communicating with the Benders after they had disputed the debt and had made a written request that Elmore cease further communications. Elmore responded by seeking dismissal of the complaint as untimely or, in the alternative, summary judgment.

The district court granted Elmore's motion under Rule 12(b)(6) and dismissed the complaint based on the statute of limitations. Relying on a series of cases from the District of Maryland, the court held that the FDCPA's limitations period runs from the date of the first violation, and that later violations of the same type do not trigger a new limitations period under the Act. Accordingly, although some of the challenged communications from Elmore occurred less than one year from the date that the Benders filed their complaint, the district court held that the entire complaint was time-barred. The Benders appealed.

## II.

The Benders' sole contention on appeal is that the district court erred in concluding that all their claims were barred by the FDCPA's statute of limitations. We review de novo the district court's interpretation of the Act, as well as the court's ultimate decision to dismiss the Benders' complaint under Rule 12(b)(6). *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229 (4th Cir. 2007).

The Benders argue that the district court erred in dismissing all their claims as time-barred because two of the alleged violations occurred less than one year from the date they filed suit. These alleged violations were: (1) the January 2018 phone call, in which an Elmore attorney informed the Benders that a lien had been placed on their property, and that "this whole thing would not have happened if you would just pay your bills"; and (2)

6

the unsolicited February 2018 letter listing the alleged debts still owed by the Benders. According to the Benders, under the language of 15 U.S.C. § 1692k(d), a new statute of limitations arose with each "violation" of the Act. Thus, although the Benders concede that several of the alleged violations fall outside the one-year limitations period, they contend that the district court erred in dismissing the entirety of their complaint, which was filed in April 2018 and contained allegations of FDCPA violations arising from the January and February 2018 communications.

In response, Elmore argues that the district court did not err in dismissing the entire complaint, because the *first* alleged violation of the FDCPA occurred outside the limitations period and all later communications by Elmore arose from its attempt to collect the same debt. In support of this argument, Elmore relies on the same rationale articulated by the district court, namely, that the statute of limitations for FDCPA claims runs from the date of the initial violation, and that later violations of the same kind do not reset the limitations period.[1] Thus, Elmore argues that the district court properly determined that a single limitations period applied to the Benders' complaint dating from the first allegedly unlawful communication. We disagree with Elmore's argument.

---

[1] Elmore relies on two unpublished opinions issued by this Court supporting Elmore's view of the FDCPA's statute of limitations. *See Jackson v. Ocwen Loan Servicing, LLC*, 747 F. App'x 159, 160 (4th Cir. 2019); *Bey v. Shapiro Brown & Alt, LLP*, 584 F. App'x 135, 135 (4th Cir. 2014). However, because those opinions are unpublished, they do not have precedential effect and we do not address them here. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 543 (4th Cir. 2017) (citing *Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir. 1996) (en banc)).

Under the FDCPA, claims must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). This language "unambiguously sets the date of *the violation* as the event that starts the one-year limitations period."[2] *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019) (emphasis added). Moreover, nothing in the FDCPA suggests that "similar" violations should be grouped together and treated as a single claim for purposes of the FDCPA's statute of limitations. To the contrary, we long have held that a "separate violation" of the FDCPA occurs "every time" an improper communication, threat, or misrepresentation is made. *United States v. Nat'l Fin. Servs., Inc*., 98 F.3d 131, 141 (4th Cir. 1996). Accordingly, we conclude that Section 1692k(d) establishes a separate one-year limitations period for each violation of the FDCPA.

This interpretation avoids creating a safe harbor for unlawful debt collection activity. Under the district court's approach, so long as a debtor does not initiate suit within one year of the first violation, a debt collector would be permitted to violate the FDCPA with regard to that debt indefinitely and with impunity. No matter how frequent or abusive such collection efforts might become, the debtor would be left entirely without a remedy simply because the debtor did not timely pursue the first violation. As the statutory text makes clear, Congress did not intend such a result.

Finally, we observe that two of our sister circuits likewise have concluded in published decisions that the FDCPA's limitations period runs anew from the date of each

---

[2] In *Rotkiske*, the Supreme Court considered whether the limitations period under the FDCPA begins on the date of the violation or the date that the plaintiff discovers the violation. 140 S. Ct. at 360. The Court held that the plain language of the Act identifies the date of the violation as the starting point for computing the limitations period. *Id.*

violation. *See Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 694 (8th Cir. 2017); *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1188 (10th Cir. 2013). As these courts have recognized, it simply "does not matter that the debt collector's violation restates earlier assertions—if the plaintiff sues within one year of the violation, [the suit] is not barred by § 1692k(d)." *Demarais*, 869 F.3d at 694; *see also Llewellyn*, 711 F.3d at 1188.

Accordingly, applying the plain language of the FDCPA in 15 U.S.C. § 1692k(d), we conclude that the district court erred in dismissing the Benders' complaint as time-barred. The Benders have alleged at least two potential violations of the FDCPA that are not barred by the one-year limitations period provided in the Act. We express no opinion on the merits of the Benders' claims, and likewise offer no opinion on the validity of the alternative bases for affirmance that Elmore asserts on appeal. The district court did not rule on these alternative arguments in its decision, and we decline to address them in the first instance.

### III.

For these reasons, we vacate the district court's judgment and remand the case to the district court for further proceedings consistent with this opinion.

*VACATED AND REMANDED*[*]

---

[*] This opinion is published without oral argument pursuant to this Court's Standing Order 20-01, http://www.ca4.uscourts.gov/docs/pdfs/amendedstandingorder20-01.pdf (amended Apr. 7, 2020).