**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-1177**

———————

TIFFANY MICHELLE PAXTON,

        Plaintiff - Appellant,

    v.

LVNV FUNDING, LLC; JACOB LAW GROUP, PLLC,

        Defendants - Appellees.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:21-cv-00102-KDB-SCR)

———————

Submitted:  September 19, 2024           Decided:  September 23, 2024

———————

Before NIEMEYER, RICHARDSON, and HEYTENS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  M. Shane Perry, WILLIAMS & PERRY, Mooresville, North Carolina, for Appellant.  David A. Grassi, Jr., FROST ECHOLS LLC, Rock Hill, South Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiffany Michelle Paxton appeals the district court's order rejecting the magistrate judge's recommendation and granting Appellees LVNV Funding, LLC's, and Jacob Law Group, PLLC's, renewed motion to dismiss Paxton's complaint, which alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 to 1692p, and state law. The district court found, inter alia, that Paxton's FDCPA claims were time barred, and it declined to exercise supplemental jurisdiction over Paxton's state law claims. We affirm.[*]

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A court may dismiss a claim as barred by a statute of limitations if "the relevant facts clearly appear on the face of the complaint." *Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882, 885 (4th Cir. 2023) (internal quotation marks omitted).

---

[*] We grant Appellees' unopposed motion to file a surreply brief and have considered the brief attached to that motion in resolving this appeal.

2

The FDCPA includes a one-year statute of limitations that runs "from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see Bender v. Elmore & Throop, P.C.*, 963 F.3d 403, 407 (4th Cir. 2020) (holding FDCPA's limitations period runs independently from date of each alleged violation). Here, the final action that Paxton alleged violated the FDCPA occurred on May 7, 2020, when Appellees filed a suggestion of garnishment. Accordingly, absent equitable tolling, Paxton had until May 7, 2021, to file a complaint alleging the latest of her claims, but she filed her complaint in July 2021. Paxton argues the limitations period for each alleged violation should be tolled due to fraudulent concealment, asserting that Appellees used a "contrivance intended to" prevent inquiry concerning a debt by improperly serving their state complaint against her and pursuing judgment in a state where she no longer lived. *See Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 553 (4th Cir. 2019) (internal quotation marks omitted). But Paxton's barebones allegations did not adequately establish that Appellees "fraudulently concealed facts that are the basis of [her] claim[s]." *Id.* at 548 (internal quotation marks omitted). Accordingly, we conclude that the district court did not err by dismissing Paxton's FDCPA claims as time barred, nor by subsequently declining to exercise supplemental jurisdiction over Paxton's state law claims.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*

3